IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NATIONWIDE PROPERTY & CASUALTY INSURANCE CO. | : : : | |
| Plaintiff, | : : | |
| v. | : : | C.A. No. 19-2219-MN |
| BEAR INDUSTRIES, INC., and DELMARVA INSULATION, CO., | : : : : | |
| Defendants/Third Party Plaintiffs | : : | |
| v. | : : : | |
| PETTINARO CONSTRUCTION COMPANY, INC., | : : : | |
| Third Party Defendant | : | |

### ORDER GOVERNING VIDEO CONFERENCE MEDIATIONS AND MEDIATION STATEMENTS

**THIS ORDER CONTAINS IMPORTANT INFORMATION WHICH SHOULD BE READ BY COUNSEL PRIOR TO PREPARATION OF A MEDIATION STATEMENT.**

At Wilmington this **2nd** day of **August, 2021.**

IT IS ORDERED that:

### MEDIATION CONFERENCE

1. A video/virtual mediation conference is scheduled for **Wednesday, October 13, 2021** beginning at **10:00 a.m. Eastern Time.** All required participants (see ¶ 2) are to be available on the date and at the time mediation begins. **It is counsel's responsibility to notify Judge Thynge should this matter settle prior to**

**the scheduled mediation.**

(a) For any authorized email communications between Chief Magistrate Judge Thynge and counsel/parties, her law clerk, Daniel Taylor (daniel_taylor@ded.uscourts.gov) shall be copied.

(b) The logistics for video/virtual mediation shall be as follows: unless counsel otherwise agree, Plaintiff shall arrange for a video conference link for a joint discussion line for the Judge and all counsel to use during the mediation session. This link should be available throughout the mediation session should the Judge wish to have discussions with all counsel/parties. Plaintiff shall also arrange for a separate video conference link for private discussions with the Judge throughout the mediation session. Defendants shall arrange for a separate video conference link for private discussions with the Judge throughout the mediation session. Counsel for Plaintiff shall provide by email to the Judge, with a copy to her law clerk, Daniel Taylor, the Joint video conference link and Plaintiff's video conference link **no later than and no earlier than Friday, October 8, 2021 at 5:00 p.m. Eastern Time**. Counsel for Defendant/Third Party Plaintiff, Bear Industries, shall provide by email to the Judge, with a copy to her law clerk, Daniel Taylor, the defense video conference link **no later than and no earlier than Friday, October 8, 2021 at 5:00 p.m. Eastern Time**. Counsel for Defendant/Third Party Plaintiff, Delmarva Insulation, shall provide by email to the Judge, with a copy to her law clerk, Daniel Taylor, the defense video conference link **no later than and no earlier than Friday, October 8, 2021 at 5:00 p.m. Eastern Time**. Counsel for Third Party Defendant, Pettinaro Construction Company, shall

provide by email to the Judge, with a copy to her law clerk, Daniel Taylor, the defense video conference link **no later than and no earlier than Friday, October 8, 2021 at 5:00 p.m. Eastern Time**. These emails **shall include** the links, along with instructions on how to join the video conference for each conference line. If easier or more convenient for counsel, the virtual information may be included in a single email.

Any platform/service, e.g., Zoom, Team Speak, Skype, Trial Graphix may be used.

**REQUIRED PARTICIPANTS**

2. Each party must be represented at the mediation conference by the following required participants: (a) trial counsel; (b) counsel who is/are familiar with the case; and (c) the party/parties and/or decisionmaker(s) of the parties, who must have full authority to act on behalf of the parties, including the authority to negotiate a resolution of the matter and to respond to developments during the mediation process. **Full authority means** that those participants on behalf of a party should be able to make independent decisions and have a knowledge or understanding of the dispute and/or the business objectives/operations of their company to generate and consider solutions and/or to be able to address the negotiation dynamics in mediation. It is *not just* settlement authority, that is, to make an offer or to accept an amount.

Attendance at the video mediation conference by those participants described herein is required unless otherwise authorized by the Court. Any request to modify this requirement shall be made in writing to the Chief Magistrate Judge, with a copy to all counsel or pro se parties, if applicable, no later than **fourteen (14) days**

**before** the mediation conference.

**CONTACT INFORMATION FOR REQUIRED PARTICIPANTS**

3. (a) **No later than the date on which mediation statements are due** (see ¶ 4 below), counsel shall provide to the court in a writing **separate from** the mediation statement, by Hand Delivery, not by email, for each attorney who will be attending the mediation conference: (i) a direct dial telephone work number, (ii) a cell or home telephone number, and (iii) an electronic mail address where the attorney can be regularly reached. Unrepresented parties shall provide at least one of these three forms of contact information.

**EXCHANGE OF LIST OF PARTICIPANTS ATTENDING MEDIATION**

(b) **No later than the date on which the mediation statements are due** (see ¶ 4 below), counsel shall submit a list of all participants, including attorney and non-attorney representatives, who will be attending the mediation on behalf of their party, to the opposing party or parties.

**CONFIDENTIAL MEDIATION STATEMENTS**

4. On or before **Wednesday, September 22, 2021 by no later than 3:30 p.m. Eastern**, AN ORIGINAL and ONE COPY of a confidential mediation statement containing all of the information required by ¶ 6 shall be submitted **ONLY** to the Magistrate Judge. The mediation statements **shall not be filed** with the Clerk's Office, **nor emailed** to Chambers without permission, but **shall be delivered** to the Clerk's Office in an envelope **addressed to Chief U. S. Magistrate Judge Mary Pat Thynge and marked "CONFIDENTIAL MEDIATION STATEMENT."** The statements shall not

4

be exchanged among the parties or counsel (unless the parties so desire), shall not be provided to the trial judge, and shall not become part of the record in this matter. Mediation statements **shall NOT be electronically filed** since they are not part of the Court record.

5. The mediation statements may be in memorandum or letter form. They must be double-spaced, **single-sided**, in no less than a 12-point font, and be no longer than **twelve (12) pages**. **PAGES MUST BE NUMBERED.**

6. The mediation statements **must** contain each of the following headings and **must** contain a discussion of each of the topics described below:

   a) **"The Parties"**: provide a description of who the parties are, their relationship, if any, to each other, and by whom each party is represented, including the identity of all individuals who will be participating on behalf of a party during the mediation conference.

   b) **"Factual Background"**: provide a brief factual background, clearly indicating which material facts are not in dispute and which material facts remain in dispute.

   c) **"Summary of Applicable Law"**: provide a brief summary of the law, including applicable statutes, cases and standards. Copies of any unreported decisions (including decisions from this jurisdiction) that counsel believes are particularly relevant should be included as exhibits (see ¶ 7).

   d) **"Honest Discussion of Strengths and Weaknesses"**: provide an **honest** discussion of the strengths and weaknesses of the party's claims and/or

defenses.

    e)  **"Settlement Efforts"**:  provide a brief description of prior settlement negotiations and discussions, including the most recent offers or demands exchanged between the parties and the reasons for rejection, and the party's assessment as to why settlement has not been reached.

    f)  **"Settlement Proposal"**:  describe the party's proposed term(s) for a resolution, including the rationale for the settlement proposal(s). Identify the essential terms for settlement, if any.  Further, identify any interests or issues not directly involved in this matter that may frustrate or further settlement.  If the party has any suggestions as to how the Court may be helpful in  reaching a resolution, such suggestions should also be described.

    g)  **"Fees and Costs"**:  list separately each of the following: (i) attorneys' fees and costs incurred to date; (ii) other fees and costs incurred to date; (iii) good faith estimate of additional attorneys' fees and costs to be incurred if this matter is not settled; and (iv) good faith estimate of additional other fees and costs to be incurred if this matter is not settled.

    In addition to the required topics described above, and provided that the mediation statement complies with the page limit stated above, counsel are encouraged to address any other matter they believe may be of assistance to the Court.

  7.  Crucial or pertinent documents may be submitted as exhibits to the mediation statement.  Counsel are cautioned to limit such exhibits.  **EXHIBITS MUST BE SINGLE-SIDED AND TABBED.**

## CONFIDENTIALITY

8.      **The contents of the mediation statements and the mediation conference discussions, including any resolution or settlement, shall remain confidential, shall not be used in the present litigation nor any other litigation (whether presently pending or filed in the future), and shall not be construed as nor constitute an admission.  Breach of this provision shall subject the violator to sanctions.**

## EX PARTE CONTACTS

9.      Before, during, and after the scheduled mediation conference, the Court may find it necessary and useful to communicate with one or more parties outside the presence of the other party or parties.

## OBLIGATION OF GOOD FAITH PARTICIPATION

10.      The required participants shall be available and accessible throughout the mediation process.  The parties' full and good faith cooperation with the mediation process is required.  In particular, both the lawyers and the party representatives are expected to be fully prepared to participate.  All participants are encouraged to keep an open mind in order to reassess their previous positions and to find creative means for resolving the dispute.

## AVOIDANCE OF SANCTIONS

11.      **All counsel are reminded of their obligations to read and comply with this Order.**  Delaware counsel are reminded of their obligations to inform out-of-state counsel of this Order.  To avoid the imposition of sanctions, counsel shall advise the

Court immediately of any problems regarding compliance with this Order.

<u>/s/ Mary Pat Thynge</u>  
Chief U.S. Magistrate Judge